# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 25-0753V**

|  |  |
|---|---|
| SUSAN GREEN, as Executor of ESTATE OF JACK BENMAYOR, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 10, 2026 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On May 1, 2025, Susan Green, as Executor of the Estate of Jack Benmayor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Benmayor suffered Guillain-Barré syndrome ("GBS"), resulting in his death, caused by an influenza ("flu") vaccine received on October 13, 2023. Petition at 1.  Petitioner further alleges that Mr. Benmayor received the vaccine in the United States, that his death was caused by his GBS and complications thereof, which were caused by the flu vaccine, and neither Mr. Benmayor nor his estate has ever received any compensation in the form of an award

---

[1] Because this Ruling contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

or settlement for his vaccine-related injuries. Petition at ¶¶ 5, 20, 21. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 9, 2026, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner has satisfied the criteria set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation, which afford a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause. *Id*. at 6. Respondent further agrees that the statutory severity requirement is satisfied, as Mr. Benmayor more likely than not died as a result of his presumptive GBS. *Id*. Therefore, Respondent agrees that Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id*.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

2