# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-0753V

|  |  |
|---|---|
| SUSAN GREEN, as Executor of ESTATE OF JACK BENMAYOR, | Chief Special Master Corcoran |
| Petitioner, | Filed: March 30, 2026 |
| v. |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, |  |
| Respondent. |  |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for Respondent.*

**DECISION AWARDING DAMAGES**[1]

On May 1, 2025, Susan Green, as Executor of the Estate of Jack Benmayor, filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that Mr. Benmayor suffered Guillain-Barré syndrome ("GBS"), resulting in his death, caused by an influenza ("flu") vaccine received on October 13, 2023. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 10, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for Mr. Benmayor's GBS and resulting death. On March 30, 2026, Respondent filed the attached joint stipulation,[3] requesting that I issue a decision

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

[3] Usually, a proffer is filed by Respondent if the parties have reached an informal agreement regarding the appropriate amount of compensation to be awarded after an entitlement determination. However, in a

awarding $400,000.00 to Petitioner. Stipulation at ¶ 8. I find the stipulation reasonable and adopt it as my decision awarding damages, on the terms set forth therein.

Pursuant to the terms stated in the attached Stipulation, **I award Petitioner a lump sum payment of $400,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[4]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

minority of cases, the parties may choose to file a joint stipulation instead, representing more of a compromise regarding the compensation to be awarded.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### OFFICE OF SPECIAL MASTERS

SUSAN GREEN, as Executor of the Estate
of JACK BENMAYOR,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 25-753V
Chief Special Master Brian H. Corcoran
ECF

### STIPULATION

The parties hereby stipulate to the following matters:

1.  On behalf of the Estate of Jack Benmayor ("Mr. Benmayor"), Susan Green ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to Mr. Benmayor's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2.  Mr. Benmayor received a flu vaccine on or about October 13, 2023.[1]

3.  The vaccine was administered within the United States.

---

[1] Also on October 13, 2023, Mr. Benmayor received a COVID-19 vaccine. Vaccines against COVID-19 are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a). Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP"). *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

4.  Mr. Benmayor developed Guillain-Barré Syndrome ("GBS") within the time period set forth in the Table following receipt of the flu vaccine; his death on November 11, 2023, was a sequela of his GBS.

5.  There is not a preponderance of evidence demonstrating that Mr. Benmayor's GBS was due to a factor unrelated to vaccination.

6.  Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of Jack Benmayor, as a result of Mr. Benmayor's alleged injury and/or death.

7.  Accordingly, petitioner is entitled to compensation under the terms of the Vaccine Act for Mr. Benmayor's GBS Table injury, resulting in death.  Therefore, a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.  As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum payment of **$400,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner Susan Green, as legal representative of the Estate of Jack Benmayor.

This amount represents all compensation for damages available under 42 U.S.C. § 300aa-15(a) for injuries presumptively related to Mr. Benmayor's receipt of the flu vaccine by operation of the Vaccine Injury Table.

9.  As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before

2

the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of the Estate of Jack Benmayor, under the laws of the State of Ohio. No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as legal representative of the Estate of Jack Benmayor. If petitioner is not authorized by a court of competent jurisdiction to serve as legal representative of the Estate of Jack Benmayor at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as legal representative(s) of the Estate of Jack Benmayor, upon submission of written documentation of such appointment to the Secretary.

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the Estate of Jack Benmayor, on behalf of herself, the Estate, and Mr. Benmayor's heirs, executors, administrators, successors and/or

3

assigns, (a) does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (i) on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mr. Benmayor resulting from, or that may be alleged to have resulted from, the vaccinations administered on October 13, 2023, and (ii) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed on or about May 1, 2025, in the United States Court of Federal Claims as petition No. 25-753V; and (b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program (CICP), 42 U.S.C. § 247d- 6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, including the COVID-19 vaccination administered on October 13, 2023, on its own or in combination with the flu vaccination administered on October 13, 2023, caused or significantly aggravated the injuries that were the subject of the petition for vaccine compensation filed on or about May 1, 2025, in the United States Court of Federal Claims as petition No. 25-753V, including GBS resulting in death, for which petitioner will receive compensation pursuant to this Stipulation. If petitioner, on behalf of the Estate of Jack Benmayor, has such a claim currently pending with the CICP, petitioner hereby withdraws such claim for compensation in the CICP.[2] If no claim for

---

[2] After entry of judgment reflecting a decision consistent with the terms of this Stipulation, petitioner agrees that respondent will send this Stipulation to the CICP as evidence of petitioner's withdrawal, on behalf of the Estate of Jack Benmayor, of the CICP claim and waiver of any potential compensation under the CICP.

4

compensation has been filed in the CICP as of the date this Stipulation is filed, petitioner waives, on behalf of the Estate of Jack Benmayor, the right to file a claim as described in this paragraph for compensation in the CICP.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to amount of damages.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representative(s) of the Estate of Jack Benmayor.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

5

Respectfully submitted,

**PETITIONER:**

*Susan Green*

SUSAN GREEN, as Executor of the
Estate of JACK BENMAYOR

**ATTORNEY OF RECORD FOR
PETITIONER:**

*David Carney*

DAVID J. CARNEY
GREEN & SCHAFLE, LLC
2332 South Broad Street
Philadelphia, PA 19145
(215) 326-9256
dcarney@greenlegalteam.com

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

*Heather Pearlman*

HEATHER L. PEARLMAN
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

George R. Grimes - Digitally signed by George R.
Grimes -S16
S16                        Date: 2026.03.17 11:37:18 -04'00'

CAPT GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
Health Resources and Services
 Administration
U.S. Department of Health
 and Human Services
5600 Fishers Lane, 14W-18
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

*Ryan D. Pyles*

RYAN D. PYLES
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9847
ryan.pyles@usdoj.gov

Dated: March 30, 2026

6